**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**ANTONY T. BARRIOS, Individually**

     **Plaintiff,**

**v.**                                                                 **Case No: 5:13-cv-29-Oc-22PRL**

**REGIONS BANK**

     **Defendant.**

_____

# REPORT AND RECOMMENDATION[1]

This matter is before the Court on the renewed motion for sanctions filed by Defendant Regions Bank d/b/a Regions Mortgage.  (Doc. 47).  Plaintiff, Antony T. Barrios has not filed a response and his time for doing so has passed.  The District Judge referred the Motion to the undersigned for ruling, or if necessary, issuance of a Report and Recommendation. (Doc. 50).  I recommend that the motion be granted.

## I.   BACKGROUND

### A.  Kelley Bosecker and Related Quiet Title Actions

This case is one of seven similar quiet title actions filed in the Ocala Division, and Kelley Bosecker, Esquire, represents the plaintiff (as she does here) in each one.[2]  All seven cases are based on the same legal theory, i.e., that failure to acknowledge in writing a recorded note, mortgage or assignment somehow creates a possible cloud on Plaintiff's title.  Although Ms.

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

[2] *Lehrer et al. v. Regions Bank*, et al, 5:13-cv-30-PRL; *Fitzgerald et al v. Regions Bank et al.*, 5:13-cv-PRL; *Huff et al v. Regions Bank*, 5:13-cv-63-ACC-PRL; *Gonzalez v. GMAC Mortgage, et al*, 5:13-cv-72-ACC-PRL; *Grisales et al v. Ocala National Bank*, 5:13-cv-84-WTH-PRL; *Calderon v. Merchants and Southern Bank*, 5:13-cv-85-ACC-PRL; *Lluis v. Bank of America*, 5:13-cv-130-ACC-PRL.

Bosecker has relied upon this same theory in these cases, she has failed to cite any legal authority to support it.

All seven cases were filed in state court and removed to this Court. Upon removal, the Clerk promptly notified Ms. Bosecker that she was not a member of the Bar of the Middle District of Florida and that she must seek admission under Local Rule 2.01. (Doc. 5). Although this notice is generally sufficient to prompt the relatively simple admissions process, it took Ms. Bosecker approximately ten weeks to finalize the process and the Court was placed in the unfortunate position of micromanaging her admission. (*See, e.g.*, Docs. 10, 17, & 29). On February 14, 2013, the Court granted Ms. Bosecker an extension of time to seek admission and directed her to finalize the admissions process by February 27, 2013. (Doc. 17). On March 15, 2013, the Court was forced to remove Ms. Bosecker as counsel of record in this case because she was not yet a member of this Bar. (Doc. 29). It was not until March 29, 2013, that Ms. Bosecker filed a notice of appearance after finally being admitted to the Bar of the Middle District. (Doc. 34). Ms. Bosecker's poor handling of the admissions process was consistent with her level of practice, which consistently fell below the level expected of lawyers practicing in this Court. (*See also*, Doc. 36 at 2 & Doc. 40 at 2).

## B. The *Barrios* Action

This action was initiated on December 13, 2012, when Plaintiff filed in state court, by and through his counsel, Ms. Bosecker, the present action to quiet title to real property located at 2974 SW 140th Ave., Ocala, Florida ("Property") (Doc. 2). In the initial Complaint, Plaintiff alleged that on March 30, 2007, Defendant recorded a mortgage on the Property and in the mortgage Defendant purported to lend Plaintiff $142,400 secured by the Property. Although Plaintiff appeared to allege that Defendant never lent him $142,400, Plaintiff attached to his

Complaint a copy of the recorded mortgage, which is time stamped the exact same time as his March 27, 2007 warranty deed and contains the same notary.

Plaintiff alleges that Defendant failed to respond to his repeated demands to prove it lent him any money, and that this failure to respond to his demands has created a cloud on his title. Plaintiff complains that Defendant has no valid enforceable interest in the Property and thus demands that Defendant remove, satisfy, and release the purported mortgage.  As relief, Plaintiff asks the Court to deem the mortgage cancelled, null and void and to quiet title to the Property.

On January 17, 2013, Defendant removed this action to federal court based on diversity jurisdiction.  (Doc. 1).  Soon thereafter, Defendant filed a motion to dismiss (Docs. 7 & 9).

On January 23, 2013, Defendant  served on Plaintiff's counsel a Rule 11 and Fla. Stat. § 57.105 safe harbor letter and motion for sanctions seeking dismissal of the case with prejudice and payment of their attorney's fees and costs.  (Doc. 27-1).  Defendant advised Plaintiff to review the pending motion to dismiss and attached motion for sanctions, both of which cited "recent case law in actions for quiet title similar to the allegations in this case that unequivocally establish that the claim alleged in this case has no merit."

On February 19, 2013, Plaintiff filed a motion to remand (Doc. 19) and several days later a response to the motion to dismiss.  (Doc. 22).  On March 6, 2013, Defendant filed its initial motion for sanctions.  (Doc. 27).  Defendant also filed supplemental authority issued by the Fifth Judicial Circuit for Marion County, Florida ("State Court") in a case that involved the same Plaintiff, Plaintiff's counsel, and complaint. (Doc. 28).  The State Court dismissed Plaintiff's cause of action finding that the documents attached to Plaintiff's complaint –i.e., the recorded mortgage signed by Plaintiff, bearing the same date and time information as the warranty deed – "do not support Plaintiff's cause of action, but appear to negate the same" and reserved its right

to award sanctions pursuant to Florida Statute § 57.105.  On March 25, 2013, Defendant filed a second notice of supplemental authority in which state courts dismissed similar quiet title actions, one of which was filed by Ms. Bosecker.  (Doc. 30)  The Court subsequently denied without prejudice Defendant's initial motion for sanctions.  (Doc. 45).

On March 29, 2013, the Court granted Defendant's motion to dismiss noting that Plaintiff had failed to plead plausible facts to show that Defendant's mortgage created a cloud on Plaintiff's title and that Defendant's mortgage is invalid.  (Doc. 31).  The Court explained that Plaintiff's argument that Defendant's failure to respond to his demands is frivolous as it is unsupported by any legal authority that failure to acknowledge in writing a recorded note and mortgage creates a possible cloud on Plaintiff's title. The Court further explained that the Plaintiff's allegations are directly rebutted by the exhibits attached to his Complaint – i.e., the recorded mortgage and note show that CBT lent Plaintiff the sums of money at issue; Plaintiff's signature appears on both of these recorded documents; and Plaintiff never denied signing the documents.  The Court noted that Plaintiff offered no argument to the contrary other than "irrelevant case law or case law that fails to address the issues before the Court."

When dismissing the Complaint, the Court, nonetheless, granted Plaintiff leave to amend by April 15, 2013, provided he could do so without violating Federal Rule of Civil Procedure 11. The Court cautioned Plaintiff that "[t]he amended complaint shall not serve as an opportunity to add new claims.   Rather, this represents a chance for Plaintiff to remedy the pleading deficiencies identified herein."

That same day the Court denied Plaintiff's motion to remand, easily finding diversity jurisdiction.  (Doc. 32).  The Court explained that Plaintiff "offers a nonsensical argument that discusses preemption and federal question jurisdiction, and Plaintiff neglects to engage in any

substantive discussion of diversity jurisdiction.  As well, Plaintiff disregards binding Eleventh Circuit precedent."  (Doc. 32 at 2).  The Court further noted that Plaintiff's argument was "irrelevant and completely unpersuasive."  (Doc. 32 at 5).

On April 15, 2013 – the last day for Plaintiff to amend – Plaintiff filed an emergency motion for an extension of time to file the amended complaint.  (Doc. 35).  Ms. Bosecker represented that that she was unable to timely complete the amended complaint because she was recovering from an unidentified, serious medical emergency and that because she was recently admitted to practice in this Court, she had not had enough time to prepare.  The Court granted Plaintiff's emergency motion but noted that "[t]he level of practice exhibited by Plaintiff's counsel to date has fallen well below the level of practice expected before this Court." (Doc. 36 at 2).

Defendant then filed a motion for reconsideration claiming that Ms. Bosecker had filed a similar motion for extension in a state court proceeding based on some unspecified medical emergency.  (Doc. 37)  The Court ordered Plaintiff's counsel to respond to Defendant's motion for reconsideration and to provide documentation to support her alleged medical emergency. (Doc. 38).  Ms. Bosecker filed a response to support her medical emergency but beyond her own affidavit, she did not provide any further supporting documentation and she failed to respond directly to the arguments raised in Defendant's motion for reconsideration.  (Doc. 39).  The Court granted Defendant's motion for reconsideration to the extent that Plaintiff was ordered to file the amended complaint by April 19, 2013 if he could do so without violating Rule 11.  (Doc. 40).  The Court once again advised Plaintiff that "[t]he amended complaint shall not serve as an opportunity to add new claims.  Rather, [the amended complaint] represent[ed] a chance for Plaintiff to remedy the pleading deficiencies identified [therein]."  (Doc. 40 at 2-3).  The Court

further noted that "[t]he level of practice of Plaintiff's counsel has fallen woefully below the level of practice expected before this or any Court.  She has demonstrated a disregard for this Court's limited resources, the Local Rules of the Middle District of Florida, and the Federal Rules of Civil Procedure."  (Doc. 40 at 2).

Despite these repeated warnings, on April 18, 2013, Plaintiff filed his Amended Complaint (Docs. 41 & 42) continuing to assert that Defendant did not prove that it lent him money or that it had a valid interest in the Property.  Moreover, despite the Court's explicit direction that no new claims be added, Plaintiff also added a count for fraud, fraudulent inducement, concealment, and fraudulent representation.

On May 2, 2013, Defendant filed a motion to dismiss with prejudice and for sanctions (Doc. 44).  On May 21, 2013, the Court dismissed Plaintiff's Amended Complaint with prejudice (Doc. 46) noting that Plaintiff had failed to respond to the motion.  In dismissing Plaintiff's Amended Complaint, the Court found that Plaintiff once again failed to allege plausible facts showing the existence of a cloud on his title.  In addition, the Court dismissed Plaintiff's claims based on fraud, fraudulent inducement, and fraudulent representation because such claims were in direct violation of the Court's Order prohibiting Plaintiff from adding new claims in his Amended Complaint.[3]  Although Plaintiff did not file a response to the motion to dismiss, he filed a motion for reconsideration of the dismissal Order (Doc. 48), which the Court denied. (Doc. 49).

On May 30, 2013, Defendant filed the instant motion seeking sanctions.  (Doc. 47). Plaintiff has not filed a response and the time for doing so has passed.

---

[3] Defendant's motion for sanctions, which was included in Defendants' motion to dismiss the Amended Complaint (Doc. 44) was denied without prejudice because it failed to comply with Fed.R.Civ.P. Rule 11(b) and Defendant failed to present any measure of attorney's fees or proposed amounts for possible sanctions.  (Doc. 46).

## II.      DISCUSSION

Defendant seeks sanctions in the form of Defendant's attorneys' fees and costs, against Plaintiff and Ms. Bosecker, pursuant to Federal Rule of Civil Procedure 11, Florida Statute § 57.105, 28 U.S.C. § 1927, and the Court's inherent power.  Defendant contends that sanctions should be imposed for filing and continuing to prosecute this lawsuit while knowing that the claims asserted were frivolous and for filing frivolous documents with the Court.

Plaintiff has not filed a response to the instant motion and his time for doing so has long since passed.  This failure to respond is consistent with Ms. Bosecker's practice before this court, and does not bode well for her under the circumstances.

### A.  Legal Framework

Pursuant to Rule 11, when an attorney files a pleading, written motion, or other paper, the attorney signs it to certify that, among other things, (1) the pleading is not being presented for an improper purpose; (2) the legal contentions are warranted by existing law or a nonfrivolous argument to change existing law; and (3) the factual contentions have evidentiary support or will likely have evidentiary support after discovery.  Fed.R.Civ.P. 11(b).

"The purpose of Rule 11 is to deter baseless filings in district court and thus streamline the administration and procedure of federal courts."  *Peer v. Lewis*, 606 F.3d 1306,1311 (11th Cir. 2010).  To accomplish this purpose, Rule 11 requires litigants to reasonably inquire into the law and facts before making legal and factual contentions in a pleading, motion, or other paper; it emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable and by generally providing protection against sanctions if they withdraw or correct contentions after a potential violation is called to their attention.  *See*

Advisory Committee Notes to Rule 11, 1993; *see also, Coleman v. Circle K. Stores, Inc.*, No. 6:10-cv-1425-Orl-28GJK, 2012 WL 5334116, *2 (M.D. Fla. Oct. 1, 2012).

In determining whether Rule 11 sanctions are warranted, the Court asks: "(1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Id.* (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001). The Court should avoid using the "wisdom of hindsight" and should "test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." *Peer*, 606 F.3d at 1311 (quoting Fed. R. Civ. P. 11 advisory committee note of 1983).

Likewise, Florida Statute § 57.105 is intended to discourage baseless filings and provides, in relevant part:[4]

> Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee . . . to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
>
> (a) Was not supported by the material facts necessary to establish the claim or defense; or
>
> (b) Would not be supported by the application of then-existing law to those material facts.

Both Rule 11 and § 57.105 contain safe harbor provisions requiring the moving party to serve the offending party with the motion at least 21 days before the motion is filed with the

---

[4] In a diversity action, such as this, the substantive law of the forum state is applied, along with federal procedural law. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The Eleventh Circuit has noted that "[a]ttorney's fees pursuant to Florida Statute § 57.105 may be awarded to the prevailing party in a suit brought in federal court." *BankAtlantic v. Blythe Eastman Paine Webber, Inc*, 955 F.2d 1467, 1478 n. 11 (11th Cir. 1992). Because § 57.105 is substantive, it can be applied in federal court in the proper case. *See Fidelity Land Trust Company, LLC v. Security National Mortgage Company*, No. 6:12-cv-1676-Orl-19DAB, 2013 WL 524961, at *1 (M.D. Fla. Jan. 7, 2013).

Court.  The moving party cannot file the motion if, within those 21 days, the offending party

withdraws or corrects the challenged conduct.  Fed. R. Civ. P. 11(c)(2); Fla. Stat § 57.105(4).[5]

Unlike Rule 11 and Fla. Stat. § 57.105, which primarily focus on pleadings, written

motions, or other papers, 28 U.S.C. §1927 is directed at the unreasonable and vexatious

multiplication of proceedings and requires attorneys to avoid dilatory tactics throughout the

entire litigation.  *Peer v. Lewis*, 606 F.3d 1306, 1313-14 (11th Cir. 2010).  "To justify an award of

sanctions pursuant to section 1927, an attorney must engage in unreasonable and vexatious

conduct; this conduct must multiply the proceedings; and the amount of the sanction cannot

exceed the costs occasioned by the objectionable conduct."  *Id*.  An attorney multiplies the

proceedings unreasonably and vexatiously "only when the attorney's conduct is so egregious that

it is 'tantamount to bad faith.'"  *Id*.  Bad faith is an objective standard that is met when an

attorney knowingly and recklessly pursues a frivolous claim.  *Id*.

Finally, the Court has inherent authority to manage its affairs and sanction parties or

counsel for conduct that abuses the judicial process.  *Fidelity Land Trust Company, LLC v.

Security National Mortgage Co.*, No. 6:12-cv-1676-Orl-19DAB, 2013 WL 524961, at *3 (M.D.

Fla. Jan. 7, 2013).  The court's inherent power "extends to a full range of litigation abuses," but

it requires a showing of bad faith and this standard narrows the range of conduct that satisfies the

threshold for sanctions.  *Peer*, 606 F.3d at 1314-15 (citing *Chambers v. NASCO, Inc.*, 501 U.S.

32, 46, 111 S.Ct. 2123, 2134, 115 L.Ed.2d 27 (1991)).

### B.  Sanctions Should Be Imposed

There was no plausible basis in law or fact for the filing of this action, which should have

been clear by reading the case law.  This is not a situation in which a lawsuit was filed in good

---

[5]  There is no dispute that counsel for Defendant sent a Rule 11 and Rule § 57.105 safe harbor letter and a motion for sanctions to Plaintiff's counsel on January 23, 2013.  (Doc. 27-1). In the instant motion for sanctions, Defendant incorporates the previously filed motions for sanctions.

faith and later discovery revealed that there was not a basis for it.   Rather, Plaintiff's claims against Defendant were based upon a legal theory that had absolutely no chance of success and which cannot be characterized as reasonable arguments to change existing law.   Indeed, despite bald assertions that he has stated a viable claim, Plaintiff has not cited any legal authority to support his theory.

Although Defendant's counsel sent a Rule 11 and § 57.105 safe harbor letter to counsel, Plaintiff did not withdraw his claim.   Defendant ultimately prevailed when the Court dismissed Plaintiff's Amended Complaint with prejudice.   (Doc. 46).   Accordingly, sanctions should be imposed pursuant to Fla. Stat. § 57.105 because, as discussed above, at the time Plaintiff filed his Complaint (by and through Ms. Bosecker), his claims were neither supported by the material facts necessary to establish the claims nor by the application of then-existing law to those material facts.   Section 57.105 specifically provides that under these circumstances, the court "shall award a reasonable attorney's fee . . . to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney."

Moreover, although Rule 11, Fed. R. Civ. P., does not apply to the filing of the original Complaint in state court, s*ee Worldwide Primates, Inc. v. McGreal*, 26 F.3d 1089, 1091 (11th Cir. 1994), Defendant argues, and the Court agrees, that Ms. Bosecker violated Rule 11 by continuing to pursue the frivolous claims after removal and by filing motions and other papers – i.e., the motion to remand, the objection to the motion to dismiss, the emergency motion for extension of time, and the (equally frivolous) Amended Complaint – that had no reasonable factual or legal basis.

Plaintiff and Ms. Bosecker were repeatedly advised – both by Defendant and the Court – that Plaintiff's claims were frivolous.   Nonetheless, Plaintiff proceeded with this action and

Defendant was forced to defend against the frivolous claims.  As discussed above, Defendant moved to dismiss the Complaint arguing that Plaintiff's claims were frivolous and unsupported by legal authority and contradicted by the exhibits attached to Plaintiff's Complaint.  (Doc. 7). Defendants cited to a number of cases in which courts had rejected Plaintiff's legal theory.  (Doc. 7 at 2-3, nn. 1-3, *see* cases cited therein and attached thereto as exhibits).  Plaintiff filed a motion to remand, which the Court ultimately denied, describing Plaintiff's arguments as "nonsensical" and noting that Plaintiff disregarded binding Eleventh Circuit precedent.  Ms. Bosecker continued to pursue Plaintiff's claims even after Defendant served a Rule 11 letter and motion for sanctions, after Defendant filed its motion for sanctions and supplemental authority showing that Plaintiff's legal theory had been rejected by other courts, and after this Court rejected Plaintiff's legal theory in its March 29, 2013 Order granting Defendants' motion to dismiss. Then, although the Court reminded Plaintiff and Ms. Bosecker of the requirements of Rule 11, and admonished Plaintiff that he could not add new claims to an amended pleading, he filed an Amended Complaint based on the same legal theory that the Court had previously rejected and Plaintiff added new claims.  Defendant moved to dismiss the Amended Complaint with prejudice, which the Court granted.

Ms. Bosecker's conduct in pursuing these frivolous claims also warrants sanctions against her pursuant to 28 U.S.C. § 1927.[6]  The undersigned has no trouble concluding that Ms. Bosecker engaged in unreasonable and vexatious conduct and that her conduct multiplied the proceedings by filing the unfounded motion to remand, the emergency motion for extension of time, and the frivolous Amended Complaint, and by opposing Defendant's motion to dismiss with frivolous and unsupported arguments.  *See Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1280-

---

[6] Section 1927 does not apply to an initial complaint.  *Macort v. Prem, Inc.,* 208 F. App'x 781, 786 (11th Cir. 2006).

82 (11th Cir. 2010).   Ms. Bosecker's decision to pursue these frivolous claims is even more troubling in light of the lack of professionalism she exhibited throughout the course of this litigation.   The Court noted on at least two occasions that Ms. Bosecker's level of practice had fallen well below the level of practice expected before this or any Court and that she had demonstrated a disregard for this Court's limited resources, the Local Rules of this Court and the Federal Rules of Civil Procedure.   (See, e.g., Doc. 36 at 2 & Doc. 40 at 2).

Alternatively, the Court should exercise its inherent powers to impose sanctions against Plaintiff and Ms. Bosecker because Defendant was forced to spend significant time and money defending against Plaintiff's meritless lawsuit.   The Court may tax attorneys' fees and costs "when [the client, attorney, or both] has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Fidelity Land Trust Co., LLC v. Security Nat. Mortg. Co*., No. 6:12-cv-1676-Orl-19DAB, 2013 WL 524961, at \*3 (M.D. Fla. Jan. 7, 2013)(*quoting Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001)).   Grounds for a bad faith award exist – when, as here – a plaintiff brings a groundless suit and forces the defendant to expend time and effort conducting their defense. *Gordon v. Heimann*, 715 F.2d 531, 539 (11th Cir. 1983).

Under these circumstances, the Court finds that sanctions in the form of reasonable attorneys' fees and costs are warranted against both Plaintiff and Ms. Bosecker under Fla. Stat. § 57.105 and the Court's inherent authority, and additionally that such sanctions are warranted against Ms. Bosecker pursuant to Rule 11, Fed. R. Civ. P.[7], and 28 U.S.C. § 1927.   Plaintiff and Ms. Bosecker should be ordered to pay Defendant's reasonable attorneys' fees and costs to

---

[7] Although Rule 11 sanctions can be awarded against a party and/or counsel, monetary sanctions cannot be imposed against a represented party for violating Rule 11(b)(2) which requires counsel to certify that the claims, defenses and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.  Fed. R. Civ. P. 11(c)(5).  Because the undersigned concluded that Ms. Bosecker violated Rule 11(b)(2) (as well as other subsections of Rule 11), the undersigned declines to impose monetary sanctions in the form of attorneys' fees and costs on Plaintiff pursuant to Rule 11.

defend this action from the date Defendant was served with original process (pursuant to Fla. Stat. § 57.105 and the Court's inherent authority) through the conclusion of these proceedings (pursuant to Fla. Stat. § 57.105, Rule 11, 28 U.S.C. § 1927, and/or the Court's inherent authority).

### C.  Reasonable Attorney's Fees

Defendant seeks a total of $24,290.00 in attorneys' fees dating from January 15, 2013 to May 2, 2013.  In determining a reasonable attorney's fee, the Court applies the federal lodestar approach which is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party.  *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)(per curiam).  "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).  Once the court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors, including the results obtained. *Norman*, 836 F.2d at 1302.

"Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'"  *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001)(quoting *Hensley*, 461 U.S. at 436).  Additionally, the Court is "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."  *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

## 1. *Reasonableness of Hourly Rates*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299.  The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates.  *Id*.  The trial court, itself, is an expert on the question of the reasonableness of fees and may consider its own knowledge and experience.  *Id*. at 1303.

Defendants request $410.00 per hour for attorney D. Brian O'Dell who has 15 years of experience and is a partner at the law firm of Bradley Arant Boult Cummings LLP; $365.00 per hour for attorney Hope T. Cannon, who has 13 years of experience and is a partner at the law firm of Bradley Arant Boult Cummings LLP; $260.00 per hour for attorney Jessica L. Jones, an associate at the same firm in her fourth year of practice; $255 per hour for attorney Blake Goodsell, an associate at the same firm in his third year of practice; $180 per hour for Jamie Mathews a paralegal with two years of experience and Alecia Cockrell a paralegal with fifteen years of experience; and $195.00 per hour for Emily R. Powell a paralegal who attended law school and obtained a J.D. degree.

To support the requested hourly rates, Defendants point to similar cases in this District in which the same counsel and paralegals recently sought similar rates for fees as they do here, and the court granted their motion.  (Doc.47 at 13-14; *Fidelity Land Trust Co., LLC v. Mortgage Electronic Registration Systems, Inc. et al.*, Case No. 6:12-cv-1367-RBD-TBS; *Fidelity Land Trust Co., LLC v. Mortgage Electronic Registration Systems, Inc. et al.*, Case No. 8:12-cv-1930-EAK-MAP).  In addition, Defendants cite to several other cases from this District where the court found commensurate rates to be reasonable.  (*See* Doc. 47 at 14-15).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *Scelta v. Delicatessen Support Serv., Inc.*, 203 F.Supp.2d 1328, 1331 (M.D.Fla. 2002).  Here, based upon the Court's own experience and familiarity with rates in the Ocala Division, the undersigned finds that the requested rates are higher than the prevailing market rates.  In fact, in both of the similar cases from this District cited by Defendant, the same counsel requested and the Court approved even lower billing rates – Attorney Cannon $315.00; Attorney Jones $193.00; Paralegal Mathews $145.00; and Paralegal Cockrell $145.00.[8]

Having considered the experience of Attorney O'Dell, Attorney Cannon, Attorney Jones, and Attorney Goodsell, the location of their practice, the complexity of the case, Defendant's evidence of awards in similar cases, and the Court's knowledge of market rates in Central Florida, the undersigned recommends that the requested hourly rate for Attorney O'Dell be reduced from $410 to $360, that the requested hourly rate for Attorney Cannon be reduced from $365 to $315, that the requested hourly rate for Attorney Jones be reduced from $260 to $193; and that the requested hourly rate for Attorney Goodsell be reduced from $255 to $190. Likewise, with respect to paralegal time, the undersigned recommends that the requested hourly rate for Paralegal Mathews and Paralegal Cockrell should be reduced from $180 to $145; and the requested hourly rate for Paralegal Powell should be reduced from $195 to $155.

## 2.  *Reasonableness of Hours Expended*

Next, the Court must determine the number of hours reasonably expended on the litigation.  Attorneys "must exercise their own billing judgment to exclude any hours that are excessive, redundant, or otherwise unnecessary." *Galdames v. N&D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011).  A court may reduce excessive, redundant, or otherwise unnecessary

---

[8] Apparently, Attorney O'Dell and Paralegal Powell did not work on these cases.

hours, or may engage in "an across-the-board cut," as long as the court adequately explains its reasons for doing so. *Id.* Work by paralegals is recoverable "only to the extent that the paralegal performs work traditionally done by an attorney." *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988).

Notwithstanding Plaintiff's failure to raise any objection to Defendant's calculation of time expended on this case, the undersigned has conducted a thorough evaluation on its own. Based on the attached billing records, the following hours were expended on the case:

| | |
|---|---|
| D.  Brian O'Dell | 3.10 hours |
| Hope T. Cannon | 10.00 hours |
| Jessica L. Jones | 17.30 hours |
| Blake Goodsell | 45.60 hours |
| Jamie Mathews | 0.30 hours |
| Alecia Cockrell | 1.90 hours |
| Emily Powell | 14.60 hours |

The undersigned finds that the requested 76 hours of attorney time and 16.8 hours of paralegal time are excessive to expend on this case.  The undersigned recently approved 44.60 hours of attorney time and 24.5 hours of paralegal time in the related *Gonzalez* case.  This case does not raise different or more complicated issues that would necessitate more than 20 additional hours of attorney time.  Moreover, the billing records show that Defendant is seeking reimbursement for clerical work for both attorneys and paralegals.[9]  While it appears that counsel

---

[9] Although not an exhaustive list, the following are examples of clerical work for which Defendant seeks recovery: 1/18/13, .20 hours, E-mail communication with D.Mitchell with AFX Title requesting title report; 1/22/13, .10 hours, Calculate deadline for filing motion to dismiss; 2/20/13, .20 hours, Work on

actually billed their client for this work, the undersigned finds that the charges are not appropriately shifted to Plaintiff.  Accordingly, the undersigned recommends a 25% across the board reduction, which results in the following award:

| | |
|---|---|
| D. Brian O'Dell | 2.33 hours |
| Hope T. Cannon | 7.50 hours |
| Jessica L. Jones | 12.98 hours |
| Blake Goodsell | 34.20 hours |
| Jamie Mathews | 0.23 hours |
| Alecia Cockrell | 1.43 hours |
| Emily Powell | 10.95 hours |

### 3.   *Summary of Reasonable Attorneys' Fees*

In summary, the undersigned recommends that a reasonable lodestar for Attorney O'Dell is 2.33 hours at $360 for a fee award of $838.80; Attorney Cannon is 7.50 hours at $315 per hour for a fee award of $2,362.50; Attorney Jones is 12.98 hours at $193 per hour for a fee award of $2,505.14; Attorney Goodsell is 34.20 hours at $190 per hour for a fee award of $6,498.00; Paralegal Mathews is 0.23 hours at $145 per hour for a fee award of $33.35; Paralegal Cockrell is 1.43 hours at $145 per hour for a fee award of $207.35; and Paralegal Powell is 10.95 hours at $155.00, for a fee award of $1,697.25, with a total lodestar award of **$14,142.39**.

---

scheduling in-person case management conference following order denying motion to appear telephonically.

### E.  Costs

Finally, Defendant seeks costs in the amount of $1,513.44.  However, the chart included in the motion and the supporting billing records show that Defendant is actually seeking costs in the amount of $2,547.55 for the following items:

| | |
|---|---|
| Copy charges | $98.60 |
| Postage | $17.98 |
| USDC Removal Fee | $350.00 |
| Federal Express | $11.73 |
| Title Search | $634.90 |
| Copy of State Court File | $400.23 |
| Airline Tickets | $79.95 |
| Travel Expense | $64.12 |
| Meal Expense | $13.74 |
| Legal Research | $848.60 |
| PACER service | $27.70 |

The undersigned finds that the filing fee in this Court ($350) and the copy of the State Court file ($400.23) were reasonably necessary and are recoverable under 28 U.S.C. § 1920. [10] Although the other requested costs are not enumerated in 28 U.S.C. § 1920, the Court likely has authority to tax such costs pursuant to Rule 11, 28 U.S.C. §1927, and its own inherent authority.

---

[10]  Section 1920 provides that a judge may tax as costs: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Nonetheless, the undersigned declines to do so because Defendant has failed to offer any explanation as to why these costs were reasonable and necessary for the defense of this action.

###   III.     RECOMMENDATION

For the reasons stated above, it is respectfully **RECOMMEND**ED that

1.  Defendant Regions Bank d/b/a Regions Mortgage's renewed motion for sanctions (Doc. 47) should be **GRANTED**.

2.  Sanctions in the form of attorneys' fees in the amount of **$14,142.39**and costs in the amount of **$750.23** should be imposed jointly against Plaintiff, Antony T. Barrios and his lawyer, Kelley Bosecker.

Recommended in Ocala, Florida on August 21, 2013.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy